IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERESA FISCHER AND DAVID FISCHER,

                Plaintiff,

      v.

SENTRY INSURANCE A MUTUAL COMPANY
AND ABC INSURANCE COMPANY,

                Defendants.

OPINION AND ORDER

19-cv-156-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This civil action brought under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act arises out of plaintiffs Teresa Fischer's and David Fischer's employment with defendant Sentry Insurance A Mutual Company from 2014 to 2017. Plaintiffs contend that defendant Sentry harassed Teresa Fischer, subjected her to a hostile work environment and discriminated against her because of her sex and gender, and then retaliated against her for complaining about it. (All further references to "defendant" are to defendant Sentry.) Plaintiffs also contend that defendant discriminated against David Fischer because of his age and because he complained about the discrimination toward his wife.

      Now before the court is defendant's motion to dismiss plaintiffs' amended complaint in part. Dkt. #6. Defendant argues that many of plaintiffs' allegations are insufficient to state a claim upon which relief may be granted and that some of plaintiffs' claims are untimely. Plaintiffs concede that their disparate impact claim relating to David Fischer

1

(claim 5) should be dismissed, so I will dismiss that claim. However, defendant's' other arguments are unpersuasive. Therefore, I will deny the motion with the exception of dismissing claim 5.

Plaintiffs allege the following facts in their amended complaint.

ALLEGATIONS OF FACT

Defendant Sentry Insurance operates SentryWorld, a golf course and food services complex in Stevens Point, Wisconsin. Mike James is the general manager of SentryWorld. In August 2014, James hired plaintiffs David and Teresa Fischer to work at SentryWorld. James hired Teresa Fischer as the front house manager for PJ's Restaurant and hired David Fischer as executive chef of SentryWorld's banquet services.

In 2015, James hired Roger Payne to be the executive chef and back house manager of PJ's. Approximately six months later, James promoted Payne to the position of restaurant department head, giving Payne supervisory authority over Teresa Fischer. Both James and Payne treated women employees more poorly than they treated men. James ignored suggestions and ideas from women, criticized them, spoke rudely to them and disciplined them more frequently and harshly than he did men. Payne also spoke in rude and condescending tones to women employees, and made demeaning and sexually charged comments to women at work. In addition, the compensation system was more favorable to male staff. Teresa Fischer kept a written log in which she recorded James's and Payne's conduct toward herself and other women that she thought was abusive, belittling and

otherwise discriminatory.

In January 2017, James and Payne completed a performance review of Teresa Fischer. Sometime in March 2017, Teresa noticed that the log in which she had documented James' and Payne's discriminatory acts was missing from the bag that she kept in her officer at PJ's Restaurant. The log was the only item missing from her bag. Teresa suspects that James or Payne took the log, or that another employee took the log and showed it to James and Payne. On March 7, 2017, James and Payne terminated Teresa from her position, after revising the January 2017 review to make it more critical of Teresa's performance. After Teresa Fischer was fired, she sent a letter to defendant's legal counsel regarding James' and Payne's mistreatment of her and other women. She also sent a draft complaint to defendant, and eventually filed a charge of discrimination with Wisconsin's Equal Rights Division.

On March 7, 2017, the same day that James fired Teresa Fischer, James offered David Fischer a $30,000 retention bonus. David Fischer told James that he should not have fired Teresa and that James was condoning Payne's misconduct toward PJ's staff. After that conversation, James began to act less favorably toward David. James reduced David's involvement in projects and changed budgeting so that David's department received less revenue.

On October 25, 2017, defendants demanded David Fischer's resignation as a condition for settling Teresa Fischer's discrimination claims. On October 30, David wrote to defendants' chief executive officer to express his concerns about the demand for his resignation and to explain his support for his wife's complaints against defendants. The next

day, defendant told David that it had decided to terminate his employment.

OPINION

Plaintiff's amended complaint includes the following seven claims:

(1) Hostile work environment in violation of Title VII against Teresa Fischer;

(2) Retaliation in violation of Title VII against Teresa Fischer because she maintained a log documenting harassing and abusive behavior toward women in the workplace;

(3) Retaliation in violation of Title VII against Teresa and David Fischer because Teresa Fischer made charges of discrimination against defendants;

(4) Retaliation in violation of Title VII against David Fischer because he told defendants he opposed the discriminatory and retaliatory conduct against Teresa Fischer;

(5) Disparate treatment in violation of Title VII against David Fischer;

(6) Disparate treatment in violation of Title VII against Teresa Fischer;

(7) Age discrimination in violation of the Age Discrimination in Employment Act against David Fischer.

Defendants have moved under Federal Rule of Civil Procedure 12(b)(6) for dismissal of counts 2, 5 and 7. Defendant also moves for dismissal of count 6 to the extent that it is based on plaintiff's performance evaluations, arguing that negative performance evaluations alone do not constitute adverse employment actions. Finally, defendant moves for dismissal of all claims to the extent that they are based on discrete employment actions occurring more than 300 days prior to the date on which plaintiff filed her charge of discrimination. In

response to defendant's motion, plaintiffs have agreed to withdraw claim 5. Therefore, I will grant defendant's motion to dismiss that claim and do not need to discuss it further.

In evaluating the remainder of defendant's motion to dismiss, I must determine whether the complaint states "a claim to relief that is plausible on its face." Gill v. City of Milwaukee, 850 F.3d 335, 339 (7th Cir. 2017) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiffs must "give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself could these things have happened, not did they happen." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original).

### A. Retaliation Claim against Teresa Fischer for Her Keeping a Written Log Documenting Discrimination (Claim 2)

Title VII forbids retaliation by employers against employees who "oppose" workplace discrimination. 42 U.S.C. § 2000e-3. A plaintiff states a claim for retaliation under Title VII if she alleges that she opposed workplace discrimination and was subjected to adverse employment action as a result. Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty., 804 F.3d 826, 833 (7th Cir. 2015). Defendant contends that plaintiff Teresa Fischer's claim that defendant terminated her employment in retaliation for her keeping a notebook documenting harassment and discrimination in the workplace should be dismissed because her private log does not constitute opposition activity protected by Title VII. In particular, defendant argues that because Teresa has not alleged that she showed the log to

anyone, or even that she discussed the log with anyone, her keeping a private log is not the type of affirmative opposition activity contemplated by Title VII.

The Supreme Court has explained that "oppose" goes beyond active behavior initiated by the employee, and includes instances in which an individual "has taken no action at all to advance a position beyond disclosing it." Crawford v. Metropolitan Government of Nashville and Davidson County, Tenn., 555 U.S. 271, 277 (2009). Opposing a discriminatory action may include behavior such as answering questions as part of a workplace investigation or refusing to follow a supervisor's order to fire a junior worker for discriminatory reasons. Id. "When an employee communicates to her employer a belief that the employer has engaged in a form of employment discrimination, that communication virtually always constitutes the employee's opposition to the activity." Id. at 276.

In this instance, Teresa Fischer alleges that she recorded instances of sexual harassment and discrimination in a written log. Her action shows that she opposed defendant's conduct. If Teresa had showed her log to defendant, there would be no doubt that she had engaged in conduct protected by Title VII. In addition, if Teresa's log was disclosed to defendant by someone else, the log would constitute oppositional activity protected by Title VII. To conclude otherwise would discourage employees from keeping a written record of discrimination, engaging in any conversations with other employees about discrimination or planning future lawsuits for fear that they could be terminated without recourse if their employer found out about their actions. Such a result would undermine the purpose of the Title VII retaliation provision.

In this instance, however, Teresa Fischer has not alleged that her log was disclosed to defendant, and the written log cannot qualify as "opposing" defendant's conduct for purposes of Title VII unless Teresa's actions were communicated to defendant. Miller v. American Family Mutual Ins. Co., 203 F.3d 997, 1008 (7th Cir. 2000) ("[A]n employer cannot retaliate when it is unaware of any complaints."). Teresa suggests that because her log went missing shortly before she was fired, it can be inferred that defendant was aware of the log. Plaintiff's theory is speculative. However, defendant's argument that speculation is not enough is based on cases that had reached the stage of summary judgment. E.g., Dabney v. Christmas Tree Shops, 958 F. Supp. 2d 439 (S.D.N.Y. 2013). This case is only at the pleading stage, at which "[i]t is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." Chapman v. Yellow Cab Cooperative, 875 F.3d 846, 848 (7th Cir. 2017) (citations omitted). Plaintiff may be able to develop facts at summary judgment or trial to support her theory that defendant fired her because it discovered the log book. Therefore, I will deny defendant's motion to dismiss her retaliation claim.

B. Age Discrimination (Claim 7)

Defendant contends that plaintiff David Fischer's age discrimination claim should be dismissed because he failed to plead that his age was a "but for" cause of defendant's decision to terminate his employment. Defendant also contends that David's allegations are not sufficient to infer that he was discriminated against on the basis of his age.

7

Defendant's arguments are not persuasive. As the Court of Appeals for the Seventh Circuit has stated repeatedly, "[t]he pleading requirement for employment-discrimination claims is minimal." Clark v. Law Office of Terrence Kennedy, Jr., 709 F. Appx. 826, 828–29 (7th Cir. 2017). See also Carlson v. CSX Transp., Inc., 758 F.3d 819, 827 (7th Cir. 2014) (criticizing district court for relying on "summary judgment decisions that addressed not the content of complaints but the evidence needed to take a claim to a jury"). To state a claim of discrimination, a plaintiff need only allege the type of discrimination, when it occurred and who committed the discriminatory act. Tate v. SCR Medical Transportation, 809 F.3d 343, 346 (7th Cir. 2015); Rutledge v. Illinois Dept. of Human Services, 785 F.3d 258, 259 (7th Cir. 2015); Swanson v. Citibank, N.A., 614 F.3d 400 (7th Cir. 2010). As the court of appeals has explained, "[e]mployers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims." Carlson, 758 F.3d at 827.

Under the standards applicable at the pleading stage, plaintiff David Fischer has adequately alleged that he was subjected to an adverse employment action because of his age. David includes examples of his poor treatment, including his termination, alleges that James made patronizing comments about his age and alleges that some of the poor treatment was because of his age. Contrary to defendant's arguments, David does not have to prove that his age was the cause of all of his poor treatment; he will have to prove only that his age was the but-for cause of an adverse employment action. I cannot say definitively at the pleading stage that David will not be able to prove that. Therefore, I will deny defendant's motion

to dismiss David's age discrimination claim.

## C. Adverse Employment Actions

To plead a claim of discrimination and retaliation under Title VII, plaintiffs must allege that they suffered a materially adverse action by defendant. Nichols v. Southern Illinois University–Edwardsville, 510 F.3d 772, 779 (7th Cir. 2007). In a discrimination case, a materially adverse employment action is one which visits upon a plaintiff "a significant change in employment status." Boss v. Castro, 816 F.3d 910, 917 (7th Cir. 2016). Such changes can involve the employee's current wealth, career prospects or changes to work conditions that include humiliating, degrading, unsafe, unhealthy or otherwise significant negative alteration in the workplace. Id. In the retaliation context, "adverse employment action" means an employer's action that would dissuade a reasonable worker from participating in protected activity. Chaib v. Indiana, 744 F.3d 974, 986–87 (7th Cir. 2014).

Defendant contends that some of plaintiffs' allegations about defendant's treatment of them that do not rise to the level of "adverse employment actions." In particular, defendant argues that James' and Payne's alleged actions of giving Teresa Fischer poor performance evaluations, ignoring her ideas, criticizing her, yelling at her and otherwise treating her rudely do not rise to the level of materially "adverse employment actions" for purposes of Title VII. These arguments are not persuasive. Plaintiffs have adequately alleged that they suffered an adverse employment action: they allege that they were

9

terminated by defendant. Plaintiffs do not contend that every example of poor treatment alleged in their amended complaint provides an independent basis for a discrimination or retaliation claim. Instead, plaintiffs have included allegations regarding their employment experience to provide context for their claims and to support Teresa Fischer's claim that she was subjected to a hostile work environment. I will deny defendant's motion to dismiss claims that plaintiffs have not clearly alleged. If defendant needs clarity from plaintiffs regarding the basis for their claims, defendant should seek such information through discovery.

D. Timeliness

Defendant also seeks to dismiss some of plaintiffs' claims as untimely. The statutory limitations period applicable to a plaintiff's claims under Title VII and the Age Discrimination in Employment Act is 300 days before the filing of plaintiffs' respective administrative charges of discrimination. 42 U.S.C. § 2000e-5(e)(1). Teresa Fischer filed her charge of discrimination with the Equal Rights Division on December 18, 2017, so she may bring claims based on acts that occurred after February 21, 2017. David Fischer filed his charge of discrimination on November 6, 2017, so he may bring claims based on acts that occurred after January 10, 2017.

Defendant asks the court to dismiss plaintiffs' claims that are based on allegations that occurred outside of the limitations period. However, defendants are again asking this court to dismiss claims that plaintiffs have not raised. Plaintiffs' discrimination and

retaliation claims are based on the terminations of their employment, which occurred within the 300-day limitation period. There is no dispute about the timeliness of these claims.

Plaintiffs also suggest that Teresa Fischer may have been denied a bonus within the limitation period. If plaintiffs can prove that Teresa was denied a bonus because of her sex or gender or in retaliation for opposing discrimination, such a claim would be timely as well.

As for plaintiffs' allegations concerning incidents that occurred outside the limitation period, plaintiffs explain that the allegations are relevant to Teresa Fischer's hostile work environment claim. I agree. The Supreme Court treats a hostile work environment as one unlawful employment practice. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 115–21 (2002). "An employee may complain about any of the constituent acts, no matter how long ago they occurred, as long as the charge is filed within 300 days of any harassing act." Isaacs v. Hill's Pet Nutrition, Inc., 485 F.3d 383, 385 (7th Cir. 2007). In addition, these allegations are "background evidence [that can be used] in support of a timely claim." Morgan, 536 U.S. at 113.

I am not persuaded that plaintiffs have alleged any claims that are clearly untimely and should be dismissed. Therefore, I will deny defendant's' motion to dismiss claims as untimely.

ORDER

IT IS ORDERED that the motion filed by defendant Sentry Insurance Mutual Company to dismiss plaintiffs Teresa Fisher's and David Fischer's amended complaint in

11

part, dkt. #6, is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to plaintiffs' claim 5, and that claim is DISMISSED. The motion is DENIED in all other respects.

Entered this 10th day of December, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge